UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) |
| | ) 21-mj-3063 |
| BENJAMIN SHACAR | ) |
| | ) |

## MOTION FOR RELEASE WITH CONDITIONS

The defendant, Benjamin Shacar, moves this Honorable Court release him with the proposed following conditions:

1. Electronic Monitoring
2. Counseling
3. 10,000 personal surety
4. Live with his in-laws
5. Contact with his children as determined by the juvenile court

These conditions of release will reasonably assure his appearance as required and the safety of any other person and the community. The Bail Reform Act requires that the Court order pretrial release of a defendant on personal recognizance or upon the execution of an unsecured bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. *United States v. Ploof,* 851 F.2d 7, 9 (1st Cir. 1988)(quoting 18 U.S.C. § 3142(b)).

*Assurance of Mr. Shacar's appearance*

Mr. Shacar has substantial roots in the community and the support of his family. He is a life-long resident of the Berkshires and is paying a mortgage on a home in Pittsfield, Massachusetts where he lives with his wife and three children. He has worked hard to overcome certain obstacles in his life. He went to Berkshire Community College to obtain his GED. He has a lengthy work history and at the time of his arrest, was employed at Aldi's supermarket for two and a half years as assistant manager. He has been the sole economic support of his family. It would be a hardship on his family if he were continued to be detained. Although he is estranged from his own biological family, he maintains close ties with his in-laws and has taken his wife's last name. The family remains supportive of him.

*Safety of the community*

Mr. Shacar has no prior adult record. He has juvenile charges which occurred when he was 13 years old. Those charges were eventually dismissed due to no further incidents. If released Mr. Shacar would reside with his father-in-law, a retired Pittsfield court officer. Mr. Shacar was cooperative at the time of his arrest.

Mr. Shacar's proposed conditions of release will assure the safety of the community. He would be monitored and abide by any other conditions imposed by this court. He is amenable to attending counseling to deal with his chronic depression and a history of abuse. His children have been placed in the custody of DCF due to this arrest. The juvenile court will determine the fate of the children and whether Mr. Shacar would have any visiting rights. He would abide by any conditions imposed by the juvenile court.

*Covid- 19 considerations*

The ongoing pandemic is a factor to consider. As of March 28, 2021 Mr. Shacar had not been tested for Covid-19 at the jail and has been placed in a pod with others who have not been tested. The mixing of individuals without immediate testing upon arrival at the prison is inviting the spread of the virus. There are new spikes of the pandemic in some states including Massachusetts. Conditions of imprisonment create the ideal environment for the transmission of contagious diseases. Joseph A. Bick, *Infection Control in Jails and Prisons*, 45 CLINICAL INFECTIOUS DISEASES 1047, 1047 (2007), https://doi.org/10.1086/521910. "Incarcerated/detained persons live, work, eat, study, and recreate within congregate environments, heightening the potential for COVID-19 to spread once introduced." Centers for Disease Control and Prevention (CDC), *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities* (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. The CDC recognizes the difficulty of preventing the introduction of COVID-19 into prison facilities:

> There are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members. Some settings, particularly jails and detention centers, have high turnover, admitting new entrants daily who may have been exposed to COVID-19 in the surrounding community or other regions.

*Id.*

Crowding, inadequate ventilation, and security issues all contribute to the spread of

infectious disease in jails and prisons. Martin Kaste, *Prisons and Jails Worry About Becoming Coronavirus 'Incubators'*, NPR (Mar. 13, 2020), https://www.npr.org/2020/03/13/815002735/prisons-and-jails-worry-about-becoming-coronavirus-incubators

Respectfully submitted

Benjamin Shacar
By his attorney:

/s/ Elaine Pourinski
BBO #550986
13 Old South Street
Northampton, MA. 01060
413-587-9807

<u>CERTIFICATE OF SERVICE</u>

I certify that I have provided a copy of this motion to all registered parties by sending it through the CM/ECF system.

<u>/s/ Elaine Pourinski</u>

Date:  March 29, 2021