UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 21-30028-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN SHACAR | ) | |

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "discovery materials" means documents produced by the government to any defendant, or documents produced by the defense to the government. "Document" shall include any record or communication, whether in electronic or paper form. "Document" shall include the following items, which are set forth by way of example only, records or communications subpoenaed by the government from non-parties to this litigation, business records, grand jury transcripts, grand jury exhibits, interview reports, electronic messages, text messages, and recordings.

2. "Child Records" shall refer to any records that contain names of, or refer to, a minor victim or minor witness in this case.

3. Except as provided below, defendant, his counsel of record, and counsel for the government shall make no disclosure of discovery materials to any other person.

4. Consistent with the terms of this Order, discovery materials (except Child Records) may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case, or for prosecuting the case. Such disclosures may be made by counsel of record to: (1) the defendant represented by

1

that counsel of record; (2) other counsel of record in the pending case; (3) a counsel of record's partners, associates, paralegals, and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; (6) agents of the government working on the case; and (7) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a document to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

     5.    Child Records will be disclosed to defense counsel, counsel for the government, and investigating agents for the government only. Should defense counsel feel the need to disclose the Child Records or to any other person (aside from the defendant) listed in paragraph 4, counsel may seek an order from the Court allowing such a disclosure. The government shall have an opportunity to respond to such a motion. With respect to the defendant, defense counsel may show the defendant a copy of the Child Records to the defendant, but defense counsel may not give the defendant a physical copy of the Child Records.

     6.    Upon the termination of these proceedings, all Child Records shall be returned forthwith to the United States or shall be maintained in a secure fashion by defense counsel.

     7.    A copy of this Protective Order shall be signed by each counsel of record and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

                                                          _____
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

Dated: _____

## **PROTECTIVE ORDER**

**United States v. Benjamin Shacar**
**Criminal No. 21-30028-MGM**

/s/ Alex J. Grant
---
Alex J. Grant                    Date
Assistant U.S. Attorney


---
Elaine Pourinski                 Date
Counsel for Benjamin Shacar