

U.S. Department of Justice

**Joshua S. Levy**
*Acting United States Attorney*
*District of Massachusetts*

Main Reception: (413) 785-0235
Facsimile:       (413) 785-0394

United States Courthouse
300 State Street, Suite 230
Springfield, Massachusetts 01105-2926

January 25, 2024

By Email and ECF

William J. O'Neil
280 North Main Street, Suite 6
East Longmeadow, MA 01028

      Re:    United States of America v. Benjamin Shacar
                  Criminal No. 21-30028

Dear Attorney O'Neil:

      In response to your August 28, 2023 discovery letter and our subsequent conversations, please see below.

1.    *With respect to the tip provided by the foreign law enforcement agency ("FLA") as referenced in the affidavit in support of the search warrant submitted by Agent Yon, please provide a copy of the notification from the FLA to the FBI as indicated in the government's response to predecessor counsel's discovery letter dated March 21, 2022;*

The Government provided this information on April 7, 2022.

2.    *Would you please provide the name of the Target Website as referenced in the affidavit in support of the search warrant submitted by Agent Yon?*

The name of the Target Website appears on a screenshot of it that the Government provided on April 7, 20222.  Furthermore, the affidavit in support of the search warrant provides a description the website and the Government has provided screenshots that identify the website.  This information was included in the Government's April 7, 2022 discovery production.

3.    *(a) Was the server hosting the Target Website as referenced in the affidavit in support of the search warrant submitted by Agent Yon seized by a FLA?*

The Government declines, as noted above, to provide any information regarding the investigative technique used by the FLA, but please note, the affidavit stated that "[t]he FLA further advised U.S. law enforcement that the FLA had not interfered with, accessed, searched, or seized any data from any computer in the United States in order to obtain that IP address information. U.S.

law enforcement personnel did not participate in the investigative work through which the FLA identified the IP address information provided by the FLA."

   (b) *If so, was it the same FLA which provided the tip to the FBI? If not, was the FLA which seized the server of the Target Website in the same country as the FLA which provided the tip to the FBI? If not, please provide the name of the country and the name of the FLA which seized the server which hosted the Target Website.*

The Govnerment declines to provide additional information responsive to this request beyond that which it has already provided.

4. *Any record of the investigative technique(s) utilized by the FLA with respect to the "notification" described in ¶ 32 in the affidavit in support of the search warrant submitted by Agent Yon.*

 The Government declines to provide any information regarding the investigative technique used by the FLA beyond that which has been provided.

5. *Any and all cover sheet(s), correspondence, and/or index list documenting the totality of "tip" and/or "notification" information provided by the FLA described in ¶ 32 in the affidavit in support of the search warrant submitted by Agent Yon.*

 On April 7, 2022, the Government provided the notification and a September 16, 2019 letter from the FLA.  The Government declines to provide any additional documentation of communication between the FLA and U.S. law enforcement, identification of the individuals who sent or received such communication and additional correspondence relative to the tip and notification.

6. *Complete copies of the "advisements" by the FLA to U.S. law enforcement regarding the "independent investigation" and "investigative work through which the FLA identified the IP address information" in this case, as referenced in ¶ 32 of the affidavit in support of the search warrant submitted by Agent Yon.*

 See responses to request 4 and request 5.

7. *With respect to the notification by the FLA to U.S. law enforcement: please indicate whether, and how, the FLA determined that the defendant's IP address accessed and/or visited a specific. portion of the Target Website, and, if section, what specific n of the Target Website was accessed and/or visited;*

 The affidavit in support of the search warrant application in this matter describes how the FLA provided the information leading to your client's IP address, the description of the target website, and the context of the FLA has provided information in the past.  Also, see response to request 4.

8. *Any record of the investigative technique(s) utilized by the FLA with respect to the notification" described in in 132 in the affidavit in support of the search warrant submitted by Agent Yon.*

See response to request 4.

9. *Any information, document, memorandum, and/or agreement addressing whether the FLA provided the information regarding the IP address in this case as part of a coordinated initiative or program with U.S. law enforcement.*

On April, 7, 2022, the Government responded to a similar request by writing, "[y]our reference to 'coordinated initiative or program' is undefined, but the affidavit describes how the FLA provided the information leading to your client's IP address, the description of the target website, and the context of the FLA has provided information in the past. The affidavit also stated that '[t]he FLA further advised U.S. law enforcement that the FLA had not interfered with, accessed, searched, or seized any data from any computer in the United States in order to obtain that IP address information. U.S. law enforcement personnel did not participate in the investigative work through which the FLA identified the IP address information provided by the FLA.'"

10. *Complete copies of the "advisements" by the FLA to U.S. law enforcement regarding the "independent investigation" and ' investigative work through which the FLA identified the IP address information" in this case, as referenced in 132 of the affidavit in support of the search warrant submitted by Agent Yon.*

See responses to requests 4 and 5.

11. *The name of the "Operation," "Task Force,", "Initiative " and/or organizing group assigned by the FLA to the investigation in this case, and the name of "Operation," "Task Force," "Initiative," and/or organizing group assigned by the FBI to the investigation in this case, if different.*

The Government provided information responsive to this request on June 3, 2021 and March 3, 2022. The Government declines to provide additional information because such is irrelevant to the investigation and prosecution of this case.

12. *The specific case FBI ID and/or serial number assigned to the Defendant's case.*

The Government declines to provide this information because it is irrelevant to the investigation and prosecution of this case.

13. *Any record of action taken in response to the FLA notification by U.S. Law enforcement agencies, including but not limited to copies of subpoenas and supporting materials (including spreadsheets, charts, lists, and/or other documents) sent to internet service providers, as referenced in ¶ 41 of the affidavit in support of the search warrant submitted by Agent Yon of the affidavit; and copies of returns to such subpoenas.*

The Government provided information responsive to this request on June 3, 2021 and March 3, 2022.  The Government will supplement its response to this request by posting a "preservation letter" sent to Google, Inc., onto USAFx by January 26, 2024.

14. *Would you please provide me with a written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts, or if reports have not been made, a brief description of the opinion and subject matter of the opinion to which each is to testify pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence?*

The Government will comply with Rules of Evidence and will provide the information required when such witnesses are identified.

15. *Would you please notify me of any "other crimes" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence which you plan to use against Mr. Shacar in this case?*

At this time, the Government is unaware of evidence of "other crimes."  Should the Government become aware of such, it will notify the defendant.

16. *Would you please provide me with a written statement identifying each promise, reward and inducement to any potential witness in this case and also a copy of any such promise, reward or inducement that was reduced to writing and any information related to any formal or informal promises to reward any potential witness? See Giglio v. United States, 405 U.S. 150 (1972); United States v. Bagley, 473 U.S. 667 (1985).*

The Government will comply with its obligations to provide such information as required by the Rule 16 and LR 116.

17. *Would you please indicate whether any potential civilian witness in this case was the target of an investigation by government agents and threatened with federal prosecution, even if he or she was never charged? See Moynihan v. Manson, 419 F. Supp. (D. Conn. 1976)*

The Government will comply with its obligations to provide such information as required by the Rule 16 and LR 116.

        Sincerely,

        */s/ Neil L. Desroches*
        NEIL L. DESROCHES
        Assistant United States Attorney

**Certificate of Service**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> By:    */s/ Neil L. Desroches*
>          Neil L. Desroches
>          Assistant United States Attorney