United States v. Shacar

21-cr-30028-MGM

EXHIBIT "11"

MRM:MEF
F. #2021R00288

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DAVID CORWIN,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

21-MJ-357

**TO BE FILED UNDER SEAL**

C O M P L A I N T

(18 U.S.C. § 2252(a)(4)(B))

EASTERN DISTRICT OF NEW YORK, SS:

  DANIEL FANDREY, being duly sworn, deposes and states that he is a Task Force Officer with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

  On or about March 18, 2021, within the Eastern District of New York, the defendant DAVID CORWIN did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images in digital files contained within an electronic device obtained from the defendant at his residence in Greenport, New York, and which visual depictions had been mailed, and shipped and transported in, and using a means and facility of, interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, by any means, including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

  (Title 18, United States Code, Section 2252(a)(4)(B)).

2

The source of your deponent's information and the grounds for his/her belief are as follows:[1]

1. I am a Task Force Officer with the Federal Bureau of Investigation ("FBI") and a Detective with the Suffolk County Police Department. I have been employed as a Task Force Officer since 2017, as a Detective since 2016 and as a Police Officer since 2007. I am currently assigned to the Child Exploitation and Human Trafficking Task Force (the "Task Force"). The Task Force investigates individuals suspected of being involved in the online sexual exploitation of children. While on the Task Force, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation and child pornography. As part of my duties, I investigate violations relating to child exploitation and child pornography, including violations pertaining to the production, possession, distribution, and receipt of child pornography as well as the transportation of minors and interstate travel to engage in illicit sexual conduct, in violation of Title 18, United States Code, Sections 2251, 2252, 2252A, and 2423. I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined below) in all forms of media, including computer media. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

3. In or around August 2019, the FBI received information from a foreign law enforcement agency regarding an internet user, who, on or about April 27, 2019, utilized the IP Address 69.124.30.198 to access a website on the dark web that was called "Hurt Meh." This site is known by law enforcement to host child pornography.

4. Based on a review of records received pursuant to a subpoena from Optimum Online, the IP address 69.124.30.198 is registered to the account of DAVID CORWIN, at an address in Greenport, NY 11944 (the "Residence").

5. On March 18, 2021, I went with my partner, FBI Special Agent Michelle Groff, to the Residence to investigate the aforementioned information. At approximately 11:45 a.m., we knocked on the door of the Residence, and after approximately two minutes, the defendant DAVID CORWIN answered the door. At the time, I explained, in sum and substance, that we were investigating the use of the dark web by various individuals to access child pornography. Thereafter, the defendant invited us into the Residence to continue our discussion. During that discussion, the defendant DAVID CORWIN informed us in relevant part that he lived alone at the Residence, which he had inherited from his family. Thereafter, the defendant consented orally and in writing to a search of (1) the Residence for electronic devices; and (2) the contents of his electronic devices.

6. When I was inside of the Residence, I learned that the defendant DAVID CORWIN had numerous electronic devices, including at least six computers. CORWIN referred to these devices as "stations." CORWIN took me and Special Agent Groff to two stations within his home. The first station was the defendant's laptop (the "Laptop"), which the defendant brought from another room into the living room. After starting the Laptop, the defendant opened a dark web browser, within which he had bookmarked a website that had live chatting capabilities. The defendant described this chat as a "PEDO" chat, and I could see from the site that it was a live chat related to pedophilia, as part of which links were being exchanged that appeared to pertain to child pornography. The defendant did not click on any of these links while I was with him.

7. Thereafter, the defendant DAVID CORWIN brought us to his bedroom, where he had a desktop computer with a monitor that extended over his bed and a keyboard and mouse on his bed (the "Bedroom Computer"). Upon entering the defendant's bedroom, the defendant moved the mouse on his bed to wake up the Bedroom Computer. When the defendant did that, I could see that the screen displayed the same dark web browser and chat room that was previously visible on the Laptop. Thereafter, with the defendant's permission, I navigated to three additional tabs that were already opened in his browser, each of which appeared to contain sexually explicit images of minors. Specifically, the children pictured in the still images on each of these tabs appeared to be prepubescent females, between the approximate ages of five and six. The images appeared to be chronological series where the minor females were nude and displaying their genitals. The defendant eventually closed these tabs, but I was able to view them for approximately 10 seconds before he did that.

8. Thereafter, the defendant DAVID CORWIN took me to his office, where there was another desktop computer (the "Office Computer"). When the defendant moved the mouse to wake up the Office Computer, I could see that the screen displayed the "Inmate Locator" function on the Bureau of Prisons Website, which was populated to search for "Bart Huskey." At the time, the defendant stated in sum and substance that Huskey was infamous in CORWIN's world. Based on subsequent investigation, I learned that in 2008, James Bartholomew Huskey was prosecuted by the Northern District of Georgia for the manufacture, distribution and possession of child pornography. (No. 8-CR-33(RLV)). Based on documents filed in that case, I know that Huskey had sexually abused his daughter between the ages of six and nine by subjecting her to anal and oral sodomy and vaginal sex. Photographs and videos established that, over time, Huskey's abuse became more violent and he pressed a knife to his daughter's face, neck and genitals, and she appeared "distressed" in the encounters. See United States v. Huskey, No. 09-11197 (11 Cir. 2009) (affirming sentence). This series of images has been termed by the National Center for Missing and Exploited Children ("NCMEC") the "Tara" series. Huskey admitted that he photographed and videotaped the abuse of his daughter to trade the images for other child pornography. In 2008, Huskey pled guilty, and in 2009, he was sentenced to 840 months' incarceration. Id.

9. Pursuant to the defendant DAVID CORWIN's consent, I took numerous electronic devices from the Residence for further inspection. These included the Laptop, the Bedroom Computer and the Office Computer. A further review of the Bedroom computer revealed multiple images from the "Tara" series, including ones where there is a prepubescent female, who is approximately 6 or 7 years old, wearing only shoes, displaying her genitals. Additionally, I located the following files on the Bedroom Computer:

a. "Pthc-Lea.wmv": This video is approximately 4 minutes and 30 seconds in length. It depicts an adult male with his penis pressed against the genitals of a female toddler that is approximately 1 to 3 years of age. The male is rubbing lotion on the toddler's body and attempts to insert his penis into the toddler's vagina and anus multiple times. The adult male ejaculates on the toddler's genitals.

b. "AZWkykyzxzx.avi": This video is approximately 2 minutes and 18 seconds in length. It depicts an adult male having anal sex with an infant female that is crying. The adult male ejaculates on the infant's pubic area.

c. "014xAidx4xTLZ.gif": This is an animated image file that is approximately 2 seconds in length. It depicts a young female, who is approximately 5 to 7 years of age, and who is holding an erect adult male penis and licking it with her tongue.

WHEREFORE, your deponent respectfully requests that the defendant DAVID CORWIN, be dealt with according to law.

_____
DANIEL FANDREY
Task Force Officer, Federal Bureau of Investigation

Sworn to before me this
23 day of March, 2021

_____
THE HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK